MICHAEL SELL v. CHARLES RIETZ & BROS. LUMBER COMPANY.

Negligence—Doctrine of fellow-servant involved—Plaintiff held such by an equal division of the Court.

In this case, the judgment being affirmed by an equal division of the Court, nothing is decided.

Error to Manistee. (Judkins, J.) Submitted on briefs April 12, 1888. Decided June 8, 1888.

Negligence case. Plaintiff brings error. Affirmed by an equal division of the Court. The facts are stated in the opinion.

*P. W. Niskern,* for appellant.

*Dovel & Smith,* for defendant.

SHERWOOD, C. J. On the 10th day of October, 1885, the defendant was owner of a salt-block and warehouse in the city and county of Manistee, and had in its employ the plaintiff, who was a man over 60 years of age at the time, and was accustomed to do such work and jobs about the defendant's premises and the house of one of the members of the company as might be required of him. On that day he had been at work in the garden, and, after finishing, he went to the warehouse to find Frank Rietz, who was superintendent of the company, and ascertain what was next wanted of the plaintiff.

The warehouse was a two-story building, kept for the storage of salt, and furnished with an elevator about four feet square, for use in raising and lowering barrels of salt. The plaintiff, on the occasion of his being in the wareroom below,

and while passing under the elevator, unconscious of the danger, was struck by it while descending, and received serious injury therefrom.

He charges in his declaration that the injury occurred without fault upon his part, and through the carelessness and neglect of the defendant, and brings his action to recover the damages he has sustained by reason of such injury received in consequence of the alleged neglect of defendant. The plea was the general issue, and a trial of the case resulted in a verdict and judgment for the defendant.

The plaintiff brings error. The record contains all the evidence given in the case. The assignments of error all relate to certain portions of the charge of the court, namely:

"1. There can be no recovery on the ground that defendant hired and kept unfit and incompetent employés and servants. The declaration is not framed on that theory, and defendant is not called upon to defend against any claim upon that score. If plaintiff recovers at all at your hands, it must be on the ground that the elevator was negligently and improperly constructed by the defendant, and that the plaintiff at the time used reasonable means, under all the circumstances, to prevent the injury.

"2. It is the general rule that the master is not liable to his servant for any injury which befalls him from one of the risks incident to the business in which he is engaged.

"3. I hold, as a matter of law, that the plaintiff, at the time of the injury complained of, was a fellow-servant of those in charge of the elevator, and no recovery can be had or sustained at law on the ground of neglect of those in charge of the elevator.

"4. The presumption of law in this case is that the elevator by which the plaintiff was injured was properly and safely constructed, and was reasonably suitable for the purpose for which it was adapted, and the burden of proof is upon the plaintiff to show the contrary by a fair preponderance of the evidence in the cause.

"5. If you find that plaintiff was in the warehouse before the injury occurred, and was simply looking about through the building out of curiosity, or to find Frank Rietz, as he

claims, then he must be held to have run the risks incidental to his visit; and if he heedlessly or carelessly got in the way of the elevator, and was thereby injured, he cannot recover in the case on any theory whatever.

"6. On the other hand, the defense have introduced proof which tends to show that the elevator was built with great care; that it was properly constructed; and furthermore that they gave reasonable notice to all concerned of its presence by the manner of its construction,—the four posts that came down into the room; the fact that the room was large and light; the fact that the notices were stuck upon the door and on the side of the door."

We see no reasonable ground for objection to the law as laid down in these several charges, and a careful examination of the testimony satisfies us they were warranted by the testimony, as the case went to the jury upon the several theories of the counsel for the respective parties.

The defendant's business at the salt-block and warehouse was carried on entirely by its hired help and servants, and as soon as the building was completed, and the elevator put into it, the proper warnings were placed therein and on the doors to keep persons therefrom, and the signals of danger when the elevator was moving were given by those who were in charge of its use. This seems to be undisputed by the testimony. The superintendent was not a member of the defendant company, but its servant. Frank Rietz was superintendent of the saw-mill, and William Rietz superintendent of the salt-works.

The declaration counts upon improper construction of the elevator, and its careless use and management by defendant's employés. The testimony showed that the plaintiff had worked for the defendant several years previous to the accident, in the mill-yard, in the gang-mill, and loading the barge which carried away to market at Chicago the products of the mill and salt-block, and that he helped load the barge with salt taken from the block, and was at that time down there for that purpose; that he was behind the timbers in

which the elevator runs, in the room where it stands, just before he was hurt, and that the room was well lighted, the door being open as well as the windows; that when the elevator was moving it made considerable noise, and that the plaintiff was in the room before the elevator came down, which ran between posts eight inches square, and both in plain sight at time plaintiff went under the cab. The elevator stood nearly in the center of the room. There is no testimony tending to show incompetency of the defendant's servants.

The claims of negligence on the part of the defendant were submitted to the jury in the following clause of the charge quite as favorably to the plaintiff as the testimony in his case would warrant. The court said:

"It will be for you to take the facts of this case, and say whether or not the plaintiff can recover. It is claimed that he didn't know the elevator was built on that day at all; that he never saw it before, never heard it was there; that he went there in good faith, to find a man who he supposed was at that point to put him to work; that he went in there looking for him carefully, speedily, and diligently, and while walking through, with no notice of the elevator, and no warning or anything of the kind that the elevator was present, that it came down on his head, and struck him, and injured him, and he seeks to recover on that ground.

"I say to you, as a matter of law, if under all the circumstances you think the elevator was improperly constructed, and there was no warning there to inform this man, exercising due care himself, that there was an elevator present, and he had no reason to foresee it or to suppose it was there, then I charge you, as a matter of law, that he can recover the damages that he sustained on that behalf, but on no other grounds can he recover; he cannot recover on the ground that the servants were incompetent.

"He has offered proof on his side which tends to show that he had no notice whatever, that he had never known before the existence of the elevator, and that while he was exercising due care himself he was injured by reason of the fact that it was not properly constructed so as to be handled with care and safety. You have heard all the evidence on that

side of the case. If you believe his theory to be true, you will give him whatever you think will fairly compensate him for that injury."

We find no ground for the claim of the plaintiff that the charge of the court was contradictory and misleading.

The judgment must be affirmed.

CHAMPLIN, J., concurred with SHERWOOD, C. J.

MORSE, J. I think the judgment in this case ought to be reversed and a new trial granted.

The theory of the plaintiff was that he was injured by the negligent operation and use of an elevator situated in the warehouse of the defendant, without any fault on his part. The elevator was used in the warehouse for raising and lowering barrels of salt. The court took from the jury all questions relative to the negligent operation of the elevator, upon the ground that the plaintiff was a fellow-servant with the men who were running and managing the elevator, and submitted the case upon the question whether the elevator was properly or improperly constructed, and whether or not the plaintiff was negligent.

The defendant corporation was engaged in an extensive business, having a saw and shingle mill, a salt-block, and the warehouse in which was situated this elevator.

The plaintiff was an old man, employed in light jobs, mostly gardening and piling or carrying slabs in the mill-yard. He had sometimes helped load the barges with salt at the dock. He had never seen this elevator before, and knew nothing of its location. It had never run before the day upon which he was injured. He had never been employed in the warehouse. Indeed, it does not appear from the record that the men employed in the warehouse had any connection whatever with the men working in the mills and about the mill-yard, except that they were in the employ of the same company. The

warehouse and salt-block had one superintendent, and the mills another, and each of said superintendents had no control or authority over the men working under the other. One of the men running the elevator testified that he did not know Sell, and had never seen him before the time he was injured, though both had been in the employ of the company for a long time.

I cannot ascertain upon what theory the plaintiff was considered a fellow-servant of the men operating the elevator, except that he was such because he worked for, and was paid by, the same employer. This doctrine of fellow-servant has certainly been extended far enough by this Court, but I do not understand that any case has gone so far as to declare that the mere fact of being employed by the same man makes the employés fellow-servants without any regard to the nature or extent of the employment. If A. is engaged in the business of selling dry goods in town, and has a farm a few miles out in the country, I hardly think the clerk in the store is a fellow-servant of the hired man on the farm. And yet the plaintiff had no more connection with the men running this elevator, as to his labor or employment, than has the clerk in the case supposed with the farm laborer.

LONG, J., concurred with MORSE, J. CAMPBELL, J., did not sit.